UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHAN PARKS                                    CIVIL ACTION

VERSUS                                          NUMBER: 15-1212

WENDY'S INTERNATIONAL, LLC, ET AL.              SECTION: "H"(5)


**ORDER AND REASONS**

Before the Court is a motion for protective order filed by Defendant, Wendy's International, LLC ("Wendy's), in which it seeks to protect from disclosure or discovery certain information it claims is subject to the work-product privilege set forth in Federal Rule of Civil Procedure 26.  (Rec. doc. 26).  Plaintiff, Nathan Parks, opposed the motion (rec. doc. 30) and Wendy's filed a reply brief.  (Rec. doc. 32).  Pursuant to a motion to expedite hearing filed by Wendy's (rec. doc. 27), the Court heard oral argument on the motion on February 3, 2016.  (Rec. doc. 34).  At the hearing, the Court ordered Wendy's to produce the disputed documents for *in camera* inspection, which counsel for Wendy's did at the conclusion of the hearing.

After thorough consideration of the memoranda of the parties, the argument of counsel and its review *in camera* of the documents provided for that purpose by Wendy's, the Court rules as follows.

A.  **The Parties' Contentions**

In its motion, Wendy's seeks to protect from discovery certain "claim notes prepared by Defendants' investigators" and information contained therein that was gathered by Wendy's investigators and those in the employ of its insurer's claims examiner.  Wendy's resists

responding to both document requests that sought this information, as well as to questions

in a proposed Rule 30(b)(6) deposition on the following topics (as reflected in the notice of

that deposition):

> 3. Any document or documents which were completed in connection with accidents occurring on the premises of the Wendy's Restaurant on S. Clearview on January 6, 2014 ...

> 11. Whether any statements of any type or form were obtained by Wendy's International, LLC or anyone acting on their behalf in connection with the January 6, 2014 accident involving Nathan Parks.

> 12. Whether any notations or recordings of any type were made of any of the statements referenced in No. 11 above.

> (Rec. doc. 26-1 at p. 6)

Wendy's argues that "[t]he apparent purpose of the above 'areas of inquiry' is to elicit

testimony regarding the content of Defendant's claim investigators' notes, thereby

circumventing the protection for materials prepared in anticipation of litigation." (*Id.*).

In response, Plaintiff argues that, even if the subject documents and information were

prepared in anticipation of litigation, he is entitled to the information because Wendy's "lost"

its initial accident report. (Rec. doc. 30 at p. 2). Plaintiff argues that "[b]ecause of Wendy's

negligent and or intentional mishandling of the accident report or alternatively [its] failure

to take timely steps to restore that document, [] the information contained in those claim

notes is the only source available to aid plaintiff. . . ." (*Id.*) Plaintiff also points to the two

persons who investigated the accident for Wendy's and its insurer, Andrea Causey and J.

Derrick Berry, respectively. Plaintiff claims that, in her deposition, Causey demonstrated less

than total recall of the events she recorded in the missing accident report and that Berry is a

2

member of the U.S. armed forces currently serving in Afghanistan and is thus unavailable for deposition.  (*Id.*).

Based on these facts, Plaintiff claims that the information and claims notes in dispute should be produced because they are the only source of key information now available to him.

**B.  Analysis**

Federal Rule of Civil Procedure 26(b)(3) governs the production of materials prepared in anticipation of litigation:

> **(A) Documents and Tangible Things.**  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney consultant, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(l); and
>
> (i) the party shows that it has <u>substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means</u>.
>
> **(B) Protection Against Disclosures.**  If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.
>
> **Fed. R. Civ. Proc.** 26 (b)(3)
> (emphasis added).

For purposes of this motion (and because the Court has reviewed the disputed materials *in camera*), the Court assumes, without deciding, that the materials presented to the Court by Wendy's would properly be considered anticipation-of-litigation work product.

The only question germane to the analysis of whether any or all of it should be produced is whether a "substantial equivalent" to that information is available to Plaintiff by other means.  As for the factual information reported to and recorded by the authors of the documents presented to the Court for review, that question must be answered in the negative.

Wendy's argues that Plaintiff cannot "demonstrate substantial need to obtain Defendant's claim notes or an inability to obtain their substantial equivalent by other means" because the subject notes "relate to conversations with witnesses who have already been deposed and questioned at length regarding the incident."  (Rec. doc. 26-1 at p. 2).  Moreover, Wendy's argues, the documents do not contain recorded or transcribed statements, but instead consist of the impressions and conclusions of Defendant's representatives entitled to additional protection.

In its briefs, Wendy's cites case law that stands for the proposition that that "where a witness is available to be deposed, a party will be unable to demonstrate substantial need to obtain even a recorded statement absent 'unique circumstances'"[1] and argues that "Plaintiff can demonstrate no substantial need to obtain the written impressions and opinions of Defendant's representatives with respect to their conversations with two witnesses to Plaintiff's fall, particularly in light of the fact that Plaintiff has already deposed these same two witnesses."

While these may be true statements of the law in this Circuit, they are unpersuasive here because the particular facts of this case take it outside of the framework of the cited

---

[1] (Rec. doc. 26-1 at p. 13)(*citing Am. River Transp. Co. v. M/V Bow Lion*, 2005 U.S. Dist. LEXIS 892 *6 (E.D. La. Jan. 19, 2005); *Gator Marshbuggy Excavator L.L.C. v. M/V Rambler*, 2004 U.S. Dist. LEXIS 16090 *9-10 (E.D. La. Aug. 12, 2004)).

cases or the general arguments of Wendy's pertaining to the protection of anticipation-of-litigation work product.

The key fact here is that Wendy's – by its own admission – would normally have had available for production to Plaintiff an incident report that would contain basic factual information collected by its investigator(s).  When asked to produce such a report in this case, Wendy's responded:  "Due to system-wide issues with Wendy's electronic storage system, a large number of 2014 general incident reports, including any report prepared as a result of this incident, were lost."  (Rec. doc. 30-2 at p. 1).  This statement is telling for two reasons.  First, an investigative report of some sort was actually completed.[2]  Second, that report was lost.

It is also not dispositive here that some (or even all) of the witnesses were deposed, given the loss of the incident report.  This is particularly true given that the person who filled out that report, Ms. Causey, testified that she could not remember what she had listed in that report as the cause of the accident.  (Rec. doc. 30-2 at p. 4).

In this Court's view, the loss of an otherwise routinely kept incident report from Wendy's system implicates the exception in Rule 26(b)(3) providing that a party may obtain discovery otherwise protected as work product if that "party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

The Court has carefully reviewed the documents presented to it by Wendy's counsel and has determined that <u>some</u> of that information should be produced to Plaintiff for the reasons stated above.  The information to be produced includes factual information and

---

[2] Notably, there was no objection stated to the request for the production of this information.

statements about the accident facts that are of a type this Court would expect would have been contained in the lost incident report.

However, the Court is also mindful of Rule 26's requirement that in ordering discovery of otherwise protected materials or information under the "substantial need" exception, it "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." **Fed. R. Civ. Proc.** 26. Accordingly, any otherwise privileged, non-factual information (mental impressions of investigators, adjustors and such) has been redacted by the Court based on its finding that the Plaintiff is not, even under the present circumstances, entitled to that information.

As for the areas of testimony set forth above in Plaintiff's 30(b)(6) deposition notice, the Court finds that Plaintiff is entitled to use the redacted documents to question a witness or witnesses about those topics, except that questions pertaining to topic number 12 ("Whether any notations or recordings of any type were made of any of the statements referenced in No. 11 above.") shall be limited to the material actually produced and shall not include inquiry into the mental impressions or privileged communications of the investigators or adjuster.

Accordingly, Wendy's motion for protective order is GRANTED IN PART and DENIED IN PART. Counsel for Wendy's has been provided this date with hard copies of the redacted documents described above. No later than Thursday, February 18, 2016, those documents are to be produced to Plaintiff's counsel.

New Orleans, Louisiana, this ___12th___ day of _____February_____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE